**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **Clearwater Enterprises, L.L.C.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. CIV-21-889-PRW |
| | ) |
| **Koch Energy Services, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiff, Clearwater Enterprises, L.L.C. ("Clearwater") hereby files its Complaint against Defendant, Koch Energy Services, LLC ("Koch"), and alleges and states as follows:

### I. PARTIES

1. Clearwater is a limited liability company organized under the laws of and with a principal place of business in the State of Oklahoma. Clearwater's members are citizens of the State of Oklahoma.

2. Defendant Koch is a limited liability company. Koch Energy Services, LLC's sole member is Koch Energy Holdings, LLC, whose sole member is KAES Domestic Holdings, LLC, whose sole owner is KAES Equity Holdings, LLC, whose two members are KAES Investor, LLC and Koch Ag & Energy Solutions, LLC. KAES Investor, LLC's sole member is Koch Ag & Energy Solutions, LLC, whose sole member is Koch Resources, LLC, which is wholly owned by Koch Industries, Inc. Koch Industries, Inc. is incorporated and maintains its principal place of business in Kansas.

## II.  JURISDICTION AND VENUE

3. This Court has jurisdiction over the matter as complete diversity of citizenship exists between the Parties and the amount in controversy greatly exceeds $75,000 as required by and set forth in 28 U.S.C. § 1332.

4. Venue is proper in this Court because a substantial part of the events giving rise to the claim occurred in this District and Koch maintains continuous and systematic affiliations therewith.

## III.  FACTUAL BACKGROUND

5. This action arises out of Clearwater's declaration of Force Majeure as a consequence of the February 2021 winter storm event which impacted North America and has been referred to unofficially as Winter Storm Uri.

6. Clearwater and Koch are parties to a North American Energy Standards Board Base Contract for Sale and Purchase of Natural Gas entered into as of May 1, 2010 ("Contract").

7. Pursuant to Section 15.5 of the Contract, Clearwater and Koch agreed that New York law governs the interpretation and performance thereof, excluding any conflict of laws rule which would apply the law of another jurisdiction.

8. On January 26, 2021, Clearwater and Koch agreed to multiple Transaction Confirmations that were entered into subject to the Contract and its terms and conditions. The Transaction Confirmation Nos. 393559, 393560, and 393609 provide that Clearwater would sell and Koch would purchase a total of 10,368 MMBtu of natural gas on a Firm basis each day for the Delivery Period beginning February 1, 2021 to February 28, 2021 ("Confirmations").

9. Each Confirmation specified the EGT Flex Pool as the Delivery Point, a market pool on a segment of the pipeline that Enable Gas Transmission, LLC ("EGT") operates located in southeastern Oklahoma.

10. In mid-February, 2021, much of the United States, including Alabama, Arkansas, Louisiana, Mississippi, New Mexico, Oklahoma, and Texas, suffered from an extreme winter weather event ("Winter Storm Uri"). Winter Storm Uri caused deep freezing, failures, operational and repair interruptions, and shut-in of wells, fields, gathering lines, plants and pipelines. Areas throughout the region endured power failures and blackouts.

11. The repercussions of Winter Storm Uri reduced and shut-in natural gas production and curtailed natural gas deliveries. Unprecedented winter conditions throughout the region resulted in a reduced supply. In turn, the natural gas supply available to Clearwater was impaired substantially and failed.

12. Due to the unparalleled effects of Winter Storm Uri, an emergency governmental order from the Oklahoma Corporation Commission set priorities for gas deliveries as necessary for life, health, and public safety. In Oklahoma, Governor Kevin Stitt declared a statewide State of Emergency on February 12, 2021. Additionally, President Biden made Emergency Declarations and approved Major Disaster Declarations for the states impacted by Winter Storm Uri, including Louisiana, Oklahoma, and Texas.

13. Clearwater's original contracted sources of gas for its deliveries under the Contract and Confirmations with Koch for February 14, 15, 16, and 18, 2021 failed, with such lost sources claiming Force Majeure caused by Winter Storm Uri.

14. On February 14, 2021 Clearwater, via the Intercontinental Exchange ("ICE") messaging system, informed Koch that Clearwater's natural gas supply sources had declared force majeure.

15. On February 16, 2021 Clearwater provided written Notice of Force Majeure to Koch for the period beginning February 10, 2021, pursuant to the Contract. Clearwater further notified Koch that the Force Majeure event would continue until further notice or full restoration of production, transportation, and reliable gas supply was secured.

16. On February 14, 15, 16, and 18, 2021, Clearwater was unable to source replacement gas sufficient to meet the contracted quantities for delivery at the Delivery Point specified in the Confirmations, despite expending all reasonable efforts to do so. Winter Storm Uri's storm conditions and freezing temperatures caused failure of wells, lines of pipe, and gas processing operations, reducing gas supply to the geographical region. Such circumstances caused Clearwater to be unable to deliver 666 MMBtus on February 14, 2021, 917 MMBtus on February 15, 2021, and 2,758 MMBtus on February 16, 2021.

17. Clearwater succeeded in sourcing and delivering all contracted quantities to Koch on February 17, 2021.

18. On February 18, 2021, Clearwater nominated to EGT its intention to deliver 10,368 MMBtus to Koch, but full supply was again unobtainable due to Force Majeure. When scheduling gas actually sourced by Clearwater, EGT allocated only 6,628 MMBtus to Koch, because Koch nominated to EGT that it was willing to receive from Clearwater only 7,351 MMBtu. Thus Koch's own failure of nominating caused reduced deliveries of gas on February 18, 2021. Clearwater had to find a different market for the gas not received by Koch.

19. On February 19, 2021, although Clearwater nominated and actually delivered to EGT 10,368 MMBtus for Koch, EGT scheduled only 9,115 MMBtus for delivery to Koch, because Koch nominated to EGT that it was willing to receive from Clearwater only 9,115 MMBtu. Thus, again, Koch's own failure of nominating caused reduced deliveries of gas on February 19, 2021. Clearwater had to find a different market for the gas not received by Koch.

20. On February 20, 2021, although Clearwater again nominated and actually delivered to EGT 10,368 MMBtus for Koch, EGT scheduled only 9,558 MMBtus to Koch due to issues at the Delivery Point outside of Clearwater's control. Clearwater had to find a different market for the gas not received by Koch.

21. Section 11 of the Contract contains a "Force Majeure" clause which provides that "neither party shall be liable to the other for failure to perform a Firm obligation, to the extent such failure was caused by Force Majeure." Under the Contract, Force Majeure includes "physical events such as acts of God … storms or storm warnings, … [and/or] weather related events affecting an entire geographic region, such as low temperatures which cause freezing or failure of wells or lines of pipe[.]"

22. The Contract evidences that the Parties expressly contemplated that an event like Winter Storm Uri could form the basis for a Force Majeure event that would excuse performance. Any failure of Clearwater to deliver gas to Koch in February 2021, whether under Contract, Confirmation, or otherwise, resulted from Force Majeure, and therefore Clearwater is not liable for failure to perform.

23. Clearwater invoiced Koch $1,627,926.93 for February 2021 gas delivered. Koch has acknowledged that such amount is the contractually agreed value of gas delivered by Clearwater to Koch in February 2021.

24. On March 15, 2021, Koch delivered Clearwater a letter (the "Demand Letter") rejecting Clearwater's notice of Force Majeure and claiming entitlement to damages valued at $2,318,363.50 ("Koch's Cover Damages"), allegedly calculated in accordance with the "Spot Price Standard" provisions of Section 3.2 of the Contract, for what Koch asserted to be Clearwater's breach of firm delivery obligations on February 14-20, 2021. Koch stated its Demand Letter to be an invoice for Koch's Cover Damages.

25. Koch's Cover Damages calculation is comprised of Spot Price Standard value for quantities of gas that Clearwater was excused from delivering due to Force Majeure and for quantities of gas that Koch's own nomination failures or EGT Delivery Point issues caused not to be delivered.

26. On March 22, 2021, Clearwater delivered Koch a dispute notice, asserting its right to claim the benefit of the Force Majeure provision of the Contract to excuse Clearwater's failure of deliveries, and disputing Koch's Cover Damages. In such dispute letter, Clearwater also put Koch on notice that Section 7.7 of the Contract prohibits Koch from netting Koch's Cover Damages against amounts owed by Koch to Clearwater for February gas deliveries because (1) Clearwater disputed Koch's Cover Damages, and (2) no amounts invoiced per Section 7.3 may be subject to netting at all.

27. Section 7.3 of the Contract permits a party to invoice for amounts properly due in accordance with the "Spot Price Standard" provisions of Section 3.2 of the Contract; however Section 7.7 of the Contract states expressly and unambiguously that "no payment required to be made pursuant to … Section 7.3 shall be subject to netting under this Section." Further Section 7.7 permits only the netting of undisputed amounts due and owing under the Contract.

28. Clearwater's February 2021 invoice to Koch totaled $1,627,926.93 and was due to be paid on or before March 25, 2021. To date, Koch has refused to pay amounts due and owing on the February 2021 invoice, engaging in impermissible "netting" in violation of Section 7.7 of the Contract.

### IV.   CAUSES OF ACTION

**1.   Declaratory Judgment.**

29. Clearwater incorporates each of the foregoing Paragraphs by reference as though fully set forth herein.

30. There exists a present and ongoing dispute between Clearwater and Koch about each party's respective rights and obligations under the Contract and Confirmations. This dispute includes whether Winter Storm Uri constitutes Force Majeure such that Clearwater's performance in February 2021 is excused, and whether Clearwater owes Koch damages under the Contract.

31. Clearwater hereby seeks a declaratory judgment for purposes of determining rights and obligations under the Contract. Specifically, Clearwater seeks a declaration that Winter Storm Uri and its impact on Clearwater's operations constitutes Force Majeure under the Contract such that Clearwater's performance thereunder was excused and, as a result, Clearwater owed Koch no damages, and any set-off or netting claimed or utilized by Koch was improper.

**2.   Breach of Contract.**

32. Clearwater incorporates the foregoing Paragraphs by reference as though fully set forth herein.

33. The Contract Clearwater and Koch executed is valid, as are the subsequent Confirmations to which the Parties agreed.

34. Koch does not dispute and even agrees with the amount of the February 2021 invoice from Clearwater for $1,627,926.93. However Koch refused to tender this amount and continues to withhold the same.

35. Pursuant to the Contract, Koch owes this undisputed amount.

36. Koch repudiated the Contract and breached its express terms.

37. Clearwater suffered and continues to suffer monetary damages as set forth herein as a direct result of Koch's repudiation and breach of the Contract.

WHEREFORE, premises considered, Clearwater Enterprises, L.L.C. respectfully requests that the Court (a) determine, adjudicate, and declare the rights and obligations of the Parties under the Contract, (b) enter judgment against Koch and in favor of Clearwater finding Koch breached its contractual obligations to Clearwater and awarding Clearwater its damages resulting from Koch's breach, (c) award Clearwater pre-judgment and post-judgment interest in the maximum amount permitted by law, in addition to any additional amounts owed under the Contract as a result of Koch's breach of contract, (d) award Clearwater its costs and attorney's fees, and (e) grant Clearwater all other relief as the Court deems proper under the circumstances.

Dated: September 9, 2021

Respectfully submitted,

/s/ James M. Reed
James M. Reed, OBA #7466
Lauren M. Marciano, OBA #32454
HALL, ESTILL, HARDWICK, GABLE, GOLDEN, & NELSON, P.C.
320 S. Boston Ave., Ste. 200
Tulsa, OK 74103
T: 918/594-0400 | F: 918/594-0505
Email: jreed@hallestill.com
Email: lmarciano@hallestill.com

**ATTORNEYS FOR PLAINTIFF CLEARWATER ENTERPRISES, L.L.C.**